**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Marcia S. Krieger**

Civil Action No. 15-cv-02577-MSK

CHERYL L. PE'A,

     **Plaintiff,**

v.

SAM'S CLUB, and
WAL-MART STORES, INC.,

     **Defendants.**

---

## ORDER REMANDING CASE

---

**THIS MATTER** comes before the Court on the Plaintiff Cheryl L. Pe'a's Motion to

Remand to State Court **(#13)**, the Defendants Sam's Club and Wal-Mart Stores' Response **(#18)**,

and Ms. Pe'a's Reply **(#21)**.  Ms. Pe'a initiated this action in the District Court for Adams

County, Colorado.  The Complaint **(#5)** asserts a claim of negligence under Colorado law.  The

Defendants, Sam's Club and Wal-Mart Stores, Inc., removed the case to this Court.  The Notice

of Removal **(#1)** cites 28 U.S.C. § 1332 as the basis of this Court's subject matter jurisdiction.

A civil action is removable only if the plaintiff could have originally brought the action in

federal court.  28 U.S.C. § 1441(a).  As the parties invoking the federal court's jurisdiction, the

Defendants bear the burden of establishing that the requirements for the exercise of jurisdiction

are met.  *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999).  The

Court is required to remand "[i]f at any time before final judgment it appears that the [] court

lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).

Ms. Pe'a moves to remand this case to the state court.  She does not dispute that there is

complete diversity among the parties.  Instead, she contests that the amount in controversy is

over $75,000.  Thus, she argues, this Court does not have subject matter jurisdiction over this action.

To meet its burden with regard to the amount in controversy requirement, the Defendant must establish contested underlying facts by a preponderance of the evidence that would reflect that the requirement is met.  *See McPhail v. Deere & Co.*, 529 F.3d 947, 954-56 (10th Cir. 2007).  The Defendant may refer to facts pled in the state court complaint or may include facts from various other sources.  *Id.* at 956.  For example, a defendant can point to a "plaintiff's proposed settlement amount" if the amount reflects a reasonable approximation of a plaintiff's claim.  *Id.*

Here, the Defendants have failed to establish that the amount in controversy exceeds the amount in controversy requirement.  The Defendants rely on the allegations contained in Ms. Pe'a's Complaint that the blade "severely lacerate[d] her left foot" and that she seeks damages for "physical injuries and impairment, past and future medical expenses, loss of earnings and earning capacity, past and future pain, suffering, mental anguish, and loss of enjoyment of life." These allegations might be sufficient to suggest that the amount in controversy would exceed $75,000 in the absence of Ms. Pe'a's statements, but she appears to limit her prayer to something less than that amount, as she states in her reply that her medical expenses were only $6,700, far less than the amount in controversy requirement.

Accordingly, the Court finds that the Defendant has failed to establish that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.  The case is therefore **REMANDED** to the District Court for Adams County, Colorado.  The Clerk is directed to close this case.

Dated this 2nd day of February, 2016.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge